UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE BLIGHT, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MANTECA, et al., <br><br> Defendants. | No.  2:15-cv-2513 WBS AC <br><br><br> ORDER |

Plaintiff's Motion To Compel (ECF No. 13) was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(1).  On November 7, 2016, the court granted the motion, in part, and subject to confidentiality limitations.  ECF No. 26.

I.  BACKGROUND

Defendants have filed a Request for Clarification, in which they disclose that they do not have their own unsealed copy of "Exhibit C" (of the Garcia Declaration in support of the Search Warrant), which this court ordered produced.  ECF No. 29.  Instead, defendants assert that they possess only the original of that document, which was placed in a sealed envelope by the state court judge on October 24, 2014, and then placed in defendants' custody for safekeeping.  This court's order was predicated upon defendants having a copy of their own document.

///

///

II.  ANALYSIS

Defendants have provided photographs of the envelope containing Exhibit C.  See ECF No. 30 at 4-5.  Those photographs confirm that the state court ordered that Exhibit C "be sealed and kept in the custody of the Affiant's law enforcement agency and not be made part of the *public record* until further order of this court *or any competent court*."  ECF No. 30 at 4 (emphases added).

No part of this court's order calls for Exhibit C to be "made part of the public record." Rather, it calls upon the parties to create a strict, "Attorneys' Eyes Only" stipulation to govern plaintiff's attorney's access to the document.  Moreover, nothing in this court's order requires that Exhibit C leave defendants' custody.

Of course, the seal on the envelope will need to be broken to allow plaintiff's counsel access to the document within.  To the degree this can only be ordered by a "competent court," *this* court has ordered it.  This court has jurisdiction over the action and the discovery disputes within the action, and is therefore a competent court to issue such an order.  The court finds nothing in the state's Evidence Code, People v. Hobbs, 7 Cal. 4th 948 (1994), or California Rule of Court 2.550(d),[1] cited in Garcia's declaration in support of sealing Exhibit C, that purports to divest this court of jurisdiction over a discovery matter in a case before it.

///
///
///
///
///
///
///

---

[1] In requesting that Exhibit C be sealed, defendant Garcia cited "California Rule of Court Rule 243.1, subd. (d)."  However, that rule was renumbered in 2007 as Rule 2.550(d).  Also, the Advisory Committee Comment on the Rule states that it does not apply to "records that courts must keep confidential by law," including "search warrant affidavits sealed under *People v. Hobbs* (1994) 7 Cal.4th 948."  Cal. St. Trial Ct. Rule 2.550 (Editor's Notes / Advisory Committee Notes).

III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that

1. The court's order of November 7, 2016 (ECF No. 26), is CONFIRMED; and

2. Defendants shall provide plaintiff's counsel with access to a redacted version of Exhibit C, under the protections specified in the court's November 7, 2016 order.

DATED:  November 16, 2016.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE