UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE BLIGHT, | No. 2:15-cv-2513 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF MANTECA, et al., | |
| Defendants. | |

This discovery motion was referred to the undersigned magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(1). Plaintiff moves for an order compelling the deposition of a confidential informant. For the reasons set forth below, the motion will be granted with the protections and constraints set forth in the order.

I.   BACKGROUND

In this civil rights case, plaintiff alleges that her constitutional rights were violated when police entered her home, seized her, and searched her home. Although the police had a search warrant for 5858 E Carpenter Rd., police also searched 5846 E Carpenter Rd., where plaintiff lived. The search warrant was issued after the state court judge who issued the warrant was presented with a sealed affidavit – "Exhibit C" – that defendants say supported probable cause to search both residences. The information in the affidavit was, according to defendants, provided by a confidential informant ("CI").

1

1    On November 7, 2016, the undersigned granted plaintiff's motion to compel defendants to
2    produce the affidavit, subject to a strict "Attorneys' Eyes Only" protective order, and redacted to
3    remove any personally identifying information about the CI.  ECF No. 26.  Defendants produced
4    the affidavit, and plaintiff has re-deposed the police officers involved, Armando Garcia and Ian
5    Osborn, in light of information gleaned from the affidavit.

## II.   THE DISCOVERY DISPUTE

Plaintiff now moves to depose the CI, arguing that only the CI can provide the information they need to prove their Fourth Amendment claims, namely that the warrant was overbroad, that the search violated the particularity requirement, that the search exceeded the scope of the search warrant, and that the warrant was obtained though "judicial deception."[1]

Defendants argue that the identity of the CI is protected by the "informer's privilege," that the privilege cannot be pierced by plaintiff's "speculation" that the affidavit is false, that they themselves would be exposed to civil liability for disclosing the CI's identity, and that they cannot compel the CI to appear for a deposition.

## III.   ANALYSIS

### A.  Judicial Deception

Intentional or reckless material misrepresentations or omissions in a search warrant affidavit can form the basis for a Fourth Amendment "judicial deception" claim.  See Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir. 2011) ("[t]o survive summary judgment on a claim of judicial deception, a § 1983 plaintiff … must (1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a 'substantial showing' that the misrepresentations or omissions were made intentionally or with

---

[1] It is not entirely clear why a deposition of the CI would be pertinent to any claim other than the "judicial deception" claim, since it would appear that the other claims are based upon the "four corners" of the warrant and supporting affidavit, and how the search was actually conducted. See, e.g., Crowe v. County of San Diego, 608 F.3d 406, 434 (9th Cir. 2010) ("[i]n reviewing a search warrant on probable cause grounds, this Court, like the district court, is limited to the information and circumstances contained within the four corners of the underlying affidavit") (internal quotation marks omitted), cert. denied, 562 U.S. 1135 (2011).  However, since the judicial deception claim suffices to order that the deposition go forward, these other claims need not be addressed here.

1   reckless disregard for the truth"). If the source of the search warrant affidavit were not a CI, the

2   plaintiff would clearly be entitled to depose that person. The deposition would be necessary for

3   plaintiffs to find out if defendants accurately reported the CI's information to the issuing judge.

4   However, since the source is a CI, the court must balance plaintiff's need for this information

5   against defendant's arguments against disclosure.

6         B.  Balancing Interests

7       The court agrees with the reasoning of Mitchell v. City of Pittsburg:

8
> A plaintiff in a civil rights case can "compel a defendant police
> officer to produce the identity of a confidential informant, where
9  the informant's confidences purportedly provided the basis for the
> allegedly unlawful search of the plaintiff's home," if on balance,
10 "the plaintiff's interest in making a fair presentation of her case"
> outweighs "the defendants' interest in protecting investigative
11 sources and preserving the safety of cooperating individuals."

12  2012 WL 92565 at *2, 2012 U.S. Dist. LEXIS 3954 at *5-6 (N.D. Cal. 2012) (quoting Rodriguez

13  v. City of Springfield, 127 F.R.D. 426 (D. Mass. 1989)).

14          1.  Fair presentation of plaintiff's case

15      Here, plaintiff needs access to the CI in order to test the defendants' claim that they

16  accurately relayed all pertinent information from the CI to the issuing judge. In the sealed

17  portions of her submissions on this motion, plaintiff has established that she has grounds for

18  inquiring into exactly what the CI told defendants, so that she can determine if defendants

19  accurately relayed to the issuing judge the information they received from the CI.

20      Defendant argues that plaintiff has done nothing but speculate that defendants made

21  misrepresentations or omissions in the affidavit, and that "speculation is not sufficient grounds to

22  overcome the informer's privilege." ECF No. 47 at 9 (citing United States v. Rowland, 464 F.3d

23  899, 909 (9th Cir. 2006)). However, plaintiff is not simply speculating here. Specific

24  information contained in the affidavit, compared with the actual results of the search, could lead a

25  reasonable person to conclude that further inquiry into the possibility of judicial deception is

26  warranted.[2] Plaintiff is entitled to pursue the issue by deposing the CI.

27  ――――――――――――
28  [2] The court's admittedly vague language on this point results from its desire not to disclose information that is under seal.

Defendant further argues that the "only reason for Plaintiff to seek the CRI's disclosure and/or deposition would be to attack the probable cause for the warrant,"[3] and that "disclosure of the CRI's identity is not required where the sole reason for disclosure would be establishing the existence of probable cause." ECF No. 47 at 9. That is not correct. Plaintiff is not solely arguing that the information in the four corners of the affidavit, if true and accurate, failed to establish probable cause. Rather, she is also arguing that the affidavit contains material misrepresentations or omissions, supporting a claim of judicial deception.[4] Plaintiff accordingly argues, persuasively, that she needs to depose the CI to make a fair presentation of her judicial deception claim. See ECF No. 48 at 15.

### 2. Exposure to liability

Defendants argue that disclosing the CI's identity would expose the CI to danger and thereby expose themselves to civil liability if the CI is harmed or killed. ECF No. 47 at 10-12. However, while defendants casually mention the fact that any such disclosure would be made "only to Plaintiff's counsel under a protective order," they entirely omit any discussion of how the protective order, and the fact that the court would be ordering the disclosure, would affect the CI's safety and their own liability.

Instead, defendants rely entirely on cases that discuss liability where state action "affirmatively place[s] the plaintiff in a position of danger" through voluntary conduct that was "deliberately indifferent" to a person's safety. See Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006) (police officer told Burns family that the Kennedys had accused the Burns son of being a child molester, and the son later harmed the Kennedys; court denies qualified immunity because "[v]iewing the facts in the light most favorable to Kennedy, we find that, if

////

---

[3] Defendant refers to the CI as the CRI ("confidential reliable informant").

[4] Defendants' cited cases, which were decided on a motion to suppress evidence or a probable cause hearing, therefore are not helpful. They involved only whether disclosure of the CI was needed to establish probable cause, and did not address a Section 1983 claim for judicial deception. See United States v. Fixen, 780 F.2d 1434 (9th Cir. 1986) (suppression issue); United States v. King, 478 F.2d 494, 508 (9th Cir.) (probable cause hearing), cert. denied, 414 U.S. 846 (1973).

accepted as true, they are sufficient to establish that Shields [the police officer] acted deliberately and indifferently to the danger he was creating").[5]

Here, the defendants, through their counsel, would be carrying out a direct order of the court. They would be disclosing information only to plaintiff's attorney. The information would be disclosed under a strict Attorneys' Eyes' Only protective order. Defendants cite no authority for the proposition that any officer has ever been held civilly liable for carrying out a direct court order under these circumstances. To the contrary, the law in the Ninth Circuit is that defendants are immunized from liability for faithfully carrying out a court order:

> McLaughlin's act, however, was plainly authorized by the court's order, which expressly directed the immediate apprehension of the child from the hospital. Accordingly, McLaughlin enjoys absolute quasi-judicial immunity for executing that order.

Coverdell v. Dept. of Soc. and Health Services, State of Wash., 834 F.2d 758, 765 (9th Cir. 1987) (and collecting cases from other circuits holding that "persons who faithfully execute valid court orders are absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order").

C.  Resolution

The balancing of interests in this case weighs heavily in favor of permitting the CI to be deposed. The identity of the CI will be protected by ordering that the disclosure and the deposition be conducted under the Attorneys' Eyes Only protective order. Defendants have failed to show that they face civil liability for carrying out the court's order.[6]

---

[5] The out-of-circuit cases defendants cite address voluntary (not court-ordered), and extremely careless conduct that put a person's life in peril. See Monfils v. Taylor, 165 F.3d 511, 513 (7th Cir. 1998) (police voluntarily, "and ineptly," released tape of anonymous tip *directly to the person accused of the crime*, who, recognizing the voice, murdered the tipper), cert. denied, 528 U.S. 810 (1999); Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998) (city voluntarily disseminates undercover officers' personnel files upon request, believing it was required "to release the officers' files upon request from any member of the public"); Ryder v. Booth, 2016 WL 2745809 at *2, 2016 U.S. Dist. LEXIS 62534 at *4-5 (D. Haw. 2016) (because defendants "did not properly safeguard information that revealed Ryder's status as a confidential informant," his identity was exposed and the CI was killed).

[6] Indeed, they have not shown that the possibility of their own civil liability is even something the court must consider.

5

IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion To Compel (ECF No. 41), is GRANTED;

2. Defendants shall either (1) produce the CI for deposition by plaintiff's counsel, or (2) produce to plaintiff's counsel the CI's identifying information sufficient for CI to be subpoenaed to appear for a deposition; and

3. Under either option, all parties shall act under the constraints of the Attorneys' Eyes' Only protective order, and the deposition shall be conducted pursuant to that order. See ECF No. 36.

DATED: February 9, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE