UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNE BLIGHT,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF MANTECA, a municipal corporation; Manteca Police Department Detectives ARMANDO GARCIA and IAN OSBORN; and Manteca Police Department Sergeants PAUL CARMONA and CHRIS MRAZ;<br><br>        Defendants. | CIV. NO. 2:15-2513 WBS AC<br><br><u>ORDER RE: REQUEST TO SEAL</u> |

----oo0oo----

        Plaintiff Joanne Blight brought this action against defendants the City of Manteca, Manteca Police Department Detectives Armando Garcia and Ian Osborn, and Manteca Police Department Sergeants Paul Carmona and Chris Mraz, alleging that defendants violated her Fourth Amendment rights when they engaged in a "SWAT style raid" and "search" of her home.  (Compl. ¶¶ 19, 32 (Docket No. 1).)  Defendants claim that the search was

1

authorized by a state court warrant issued pursuant to a sworn affidavit they had submitted to the state court containing information provided by a confidential informant ("CI").  (See Answer at 12 (Docket No. 5); Docket No. 47 at 3.)  Plaintiff claims that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court.  (Feb. 10, 2017 Order at 2 (Docket No. 55).)

On February 10, 2017, the magistrate judge in this case issued an order granting plaintiff's motion to compel the deposition of the CI on grounds that the CI's deposition was necessary to a "fair presentation" of plaintiff's claim that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court.  (See id. at 3, 6.)  Defendants, who opposed the motion, filed a request asking this court to reconsider the magistrate judge's ruling on February 24.  (Defs.' Req. for Recons. (Docket No. 62).)  Defendants' request for reconsideration is extensively redacted; the exhibits attached to the request are wholly redacted and identified only by title.  (See id.; Docket No. 62-1.)  Three days after they filed their redacted request for reconsideration and supporting exhibits, defendants requested that this court allow them to file unredacted versions of their request for reconsideration and supporting exhibits under seal.  Plaintiff has not objected to the filing of such documents under seal.

Pursuant to Local Rule 141(a), "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law."  E.D. Cal. L.R. 141(a).  "Two standards generally govern motions to seal documents . . . ."

2

1 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir.
2 2010).  In the context of requests to seal "dispositive pleadings
3 . . . and [their] related attachments," the court is directed to
4 apply a "'compelling reasons' standard."  Kamakana v. City & Cty.
5 of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  In the
6 context of "[n]ondispositive motions" and "records attached to
7 [such motions]," by contrast, the Ninth Circuit has held that the
8 requesting party need only meet a "'good cause' standard" because
9 "the public's interest in accessing dispositive materials does
10 not apply with equal force to non-dispositive materials."
11 Pintos, 605 F.3d at 678; Kamakana, 447 F.3d at 1179-80.

12 Because defendants' request for reconsideration merely
13 seeks to reverse the magistrate judge's ruling compelling the
14 deposition of the CI, it is not a dispositive motion.  Thus, the
15 "good cause" standard applies to defendants' request to seal.

16 While the "good cause" standard is not as rigorous as
17 the "compelling reasons" standard, see Kamakana, 447 F.3d at 1180
18 ("A 'good cause' showing will not, without more, satisfy a
19 'compelling reasons' test."), a "party asserting good cause bears
20 the burden, for each particular document it seeks to protect, of
21 showing that specific prejudice or harm will result if no
22 protective order is granted," Davis v. Soc. Serv. Coordinators,
23 Inc., No. 1:10-CV-02372 LJO SKO, 2012 WL 2376217, at *1 (E.D.
24 Cal. June 22, 2012) (quoting Foltz v. State Farm Mut. Auto. Ins.
25 Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).  "Broad allegations of
26 harm, unsubstantiated by specific examples or articulated
27 reasoning, do not satisfy the [good cause] test."  Id. (quoting
28 Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th

Case 2:15-cv-02513-WBS-AC   Document 68   Filed 03/22/17   Page 4 of 6

Cir. 1992)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id. (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)).

Here, defendants seek to seal the following: (1) the portions of their request for reconsideration which discuss information allegedly provided by the CI to defendants, (2) photocopies of text messages between the CI and defendant Garcia, (3) a diagram drawn by the CI, and (4) the entire transcript of the hearing held for plaintiff's motion to compel before the magistrate judge. According to defendants, public disclosure of such documents and information "would identify the [CI] and then jeopardize his/her safety" and "reduce [his/her] effectiveness in future matters."

The court acknowledges that the safety of the CI is a concern which, if in fact jeopardized by the documents and information at issue, would be sufficient to satisfy the "good cause" standard for sealing nondispositive documents. See, e.g., Mitchell v. Cate, No. 2:11-CV-1240 JAM AC, 2014 WL 1671589, at *3 (E.D. Cal. Apr. 28, 2014) (granting request to seal "information [that] cannot be revealed without endangering informants"); USA v. Conner, No. 15-CR-00296 HSG 1, 2015 WL 8482205, at *4 (N.D. Cal. Dec. 10, 2015) (granting request to seal information "contain[ing] the possible identity of a confidential informant").

However, defendants have not sufficiently articulated why disclosure of the documents and information at issue will

jeopardize the CI's safety.  None of the documents here, with the exception of the text messages, contain any of the CI's personal identifying information.  While it is understandable that defendants would want to redact the CI's phone number from the text messages, which the court would grant leave to do, the court is left without any explanation as to why the entirety of the text messages and other documents defendants seek to seal, which merely discuss information provided by the CI to defendants without identifying the CI, require sealing.  It may be that information provided by the CI to defendants is sufficient to identify the CI.  "[B]ut it is defendants' obligation to explain" why that is the case, "not the court's obligation to guess" at why that may be the case.[1]  See Andrade v. Lewis, No. C 11-3528 SI PR, 2013 WL 655002, at *3 (N.D. Cal. Feb. 21, 2013).

Moreover, the court is not inclined to consider the text messages and diagram submitted by defendants in reviewing the magistrate judge's ruling.  Though defendants represent that they emailed those exhibits to the magistrate judge "[o]n the morning of the hearing" for plaintiff's motion to compel, (Defs.' Req. for Recons. at 2-3), it does not appear, from the transcript of the hearing, that defendants ever brought the exhibits to the magistrate judge's attention at the hearing, where she ruled on the motion.  Because it appears that defendants are raising the text messages and diagram for the first time now, the court need

---

[1] Defendants cite an affidavit provided by defendant Garcia indicating that the CI's safety would be jeopardized if he or she were to be identified.  The affidavit does not explain why disclosure of the documents and information at issue would result in the CI's identification, however.

not, and is not inclined to, consider such evidence in reviewing the magistrate judge's ruling.  See Galik v. Nangalama, No. CIV. 2:09-0152 WBS, 2012 WL 469850, at *2 (E.D. Cal. Feb. 7, 2012) (noting that the court need not consider new evidence in resolving objections to a magistrate judge's findings and recommendations).

The court further notes that the redacted version of defendants' request for reconsideration and supporting exhibits were filed without the court's authorization in violation of Local Rule 140(b).  See E.D. Cal. L.R. 140(b) ("No other redactions are permitted unless the Court has authorized the redaction.").  Because defendants did not comply with Local Rule 140(b) in filing those documents, the court will strike those documents from the record.

IT IS THEREFORE ORDERED that defendants' request to seal be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' redacted request for reconsideration of the magistrate judge's ruling (Docket No. 62) and its supporting exhibits (Docket No. 62-1) be, and the same hereby are, STRICKEN.

Dated:  March 21, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE