UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNE BLIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MANTECA; Manteca Police Department Detectives ARMANDO GARCIA and IAN OSBORN; and Manteca Police Department Sergeants PAUL CARMONA and CHRIS MRAZ;<br><br>        Defendants. | CIV. NO. 2:15-2513 WBS AC<br><br><u>ORDER RE: RECONSIDERATION OF MAGISTRATE JUDGE'S RULING</u> |

----oo0oo----

Plaintiff Joanne Blight brought this action against defendants the City of Manteca, Manteca Police Department Detectives Armando Garcia and Ian Osborn, and Manteca Police Department Sergeants Paul Carmona and Chris Mraz, alleging that defendants violated her Fourth Amendment rights when they engaged in a "SWAT style" search of her home. (Compl. ¶¶ 19, 32 (Docket No. 1).) Defendants claim that the search was authorized by a

1

warrant issued by a state court pursuant to an affidavit they had submitted to the state court containing information provided by a confidential informant ("CI"). Plaintiff claims that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court.

On February 10, 2017, the magistrate judge in this case issued an order ("February 10 order") granting plaintiff's motion to compel the deposition of the CI on grounds that the CI's deposition is necessary to a "fair presentation" of plaintiff's claim that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court. (Feb. 10, 2017 Order at 3, 6 (Docket No. 55).) Defendants submitted a request for reconsideration of the February 10 order on February 24. (Defs.' Req. (Docket No. 62).) That request contained several redactions which the court did not authorize in violation of Local Rule 140(b). The court denied that request "without prejudice to defendants' right to re-file [the] request in a form consistent with" Local Rule 140(b). (Apr. 5, 2017 Order (Docket No. 70).) Before the court now is defendants' amended request for reconsideration of the February 10 order, which contains no redactions. (Defs.' Am. Req. (Docket No. 71).)

The court reviews magistrate rulings on non-dispositive motions under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See Fed. R. Civ. P. 72(a); E.D. Cal. L.R. 303(f); see also Computer Econs., Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D. Cal. 1999). That standard is highly deferential, see United States v. Abonce-Barrera, 257 F.3d 959, 968-69 (9th Cir. 2001), and does not allow

the court to "simply substitute its judgment" for that of the magistrate judge, Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

Defendants argue that the February 10 order was "contrary to the law" because United States v. Rowland, 464 F.3d 899 (9th Cir. 2006) compels a different result than the result reached in the February 10 order. (Defs.' Am. Req. at 6-7.) Rowland, according to defendants, stands for the proposition that mere speculation of police deception with respect to a warrant-procuring affidavit is "not sufficient grounds" to compel the police to reveal confidential sources they relied upon in making representations in the affidavit.[1] (Id. at 6.) Plaintiff, according to defendants, merely speculates that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court. (Id. at 7.) Without offering any facts that suggest what defendants stated in their affidavit to the state court was deceptive, defendants contend, plaintiff cannot compel the deposition of the CI under Rowland.

Defendants raised this argument in their brief opposing plaintiff's motion to compel, and the magistrate judge addressed this argument in the February 10 order. In the February 10

---

[1] Rowland was a case in which the Ninth Circuit held that a defendant charged with a crime on the basis of information provided by a CI may not compel "discovery of information related to the [CI's] . . . credibility and background" where the defendant "has not articulated any specific reasons to disbelieve the [CI's] testimony." Rowland, 464 F.3d at 909. The court will assume, without deciding, that Rowland stands for the proposition defendants cite it for because, as this Order explains, defendants' amended request for reconsideration fails even under that assumption.

3

order, the magistrate judge stated that "plaintiff is not simply speculating" that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court. (Feb. 10, 2017 Order at 3.) "Specific information contained in [defendant's] affidavit . . . compared with the actual results of the search," the magistrate judge found, "could lead a reasonable person to conclude that further inquiry into the possibility of judicial deception [by defendants] is warranted."[2] (Id.)

Nothing in defendants' amended request for reconsideration shows that the magistrate judge's finding that plaintiff is not merely speculating about judicial deception was clearly erroneous. It appears, instead, that defendants simply disagree with the magistrate judge's finding. (See Defs.' Am. Req. at 7 (arguing that discrepancies between defendants' affidavit and the results of defendants' search of plaintiff's home "speak[] more to the [CI] simply being mistaken, rather than [defendants] engaging in judicial deception").) Mere disagreement on defendants' part with the magistrate judge's finding is not sufficient to show that the finding was clearly

---

[2] Defendants' affidavit stated that a certain drug dealer lived in plaintiff's home. When defendants searched plaintiff's home, that person was not found there. The magistrate judge construed this discrepancy, along with the fact that the CI "was familiar with" plaintiff's home, to indicate that plaintiff's judicial deception claim is not mere speculation. (See Feb. 8, 2017 Tr. at 6 (Docket No. 64).) The magistrate judge provided this analysis at the hearing for plaintiff's motion to compel, but omitted the analysis from the February 10 order because the contents of defendants' affidavit and the CI's knowledge are subject to a stipulated protective order. This court omits the analysis from this Order for the same reason.

4

erroneous.  Thus, defendants have not shown that the February 10 order was "contrary to" Rowland.

Because defendants have not shown that the February 10 order was clearly erroneous or contrary to law, the court will deny their amended request for reconsideration.

IT IS THEREFORE ORDERED that defendants' amended request for reconsideration (Docket No. 71) of the magistrate judge's February 10, 2017 order be, and the same hereby is, DENIED.

Dated:  May 23, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE