ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1 DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
2 KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
3 ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
4 San Francisco, CA 94104
Telephone:  (415) 697-2000
5 Facsimile:  (415) 813-2045

6 Attorneys for Defendants
CITY OF MANTECA, ARMANDO GARCIA, IAN
7 OSBORN, PAUL CARMONA and CHRIS S. MRAZ

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO COURTHOUSE

| | |
|---|---|
| JOANNE BLIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MANTECA, a Municipal Corporation, Manteca Police Department Detectives ARMANDO GARCIA, Individually, RANCH JOHNSON, Individually, KIRK DOTY, Individually, MIKE KEENER, Individually, IAN OSBORN, Individually, and ARMEN AVAKIAN, Individually, Manteca Police Department Sergeants PAUL CARMONA and CHRIS S. MRAZ, in their Individual and Supervisory capacities, and DOES 1 THROUGH 60, Jointly and Severally,<br><br>    Defendants. | Case No.: 2:15-cv-02513-WBS-AC<br><br>**STIPULATION RE: DISCOVERY AND SUMMARY JUDGMENT DEADLINES; [PROPOSED] ORDER** |

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JOANNE BLIGHT ("Plaintiff") and Defendants CITY OF MANTECA, ARMANDO GARCIA, IAN OSBORN, CHRIS MRAZ, and PAUL CARMONA ("Defendants") hereby respectfully request continuation of the discovery and summary judgment deadlines in this Case. All other deadlines would remain the same.

1        STIPULATION; PROPOSED ORDER
2:15-CV-02513-WBS-AC

176364.1

The fact discovery deadline has been extended three times before (Dkt. Nos. 35, 55, and 59). The summary judgment deadline has been extended once (Dkt. No. 59). The current discovery date is June 6, 2017, and the current dispositive motion filing deadline is June 20, 2017.

Good cause exists for this stipulation. On May 23, 2017, Judge Shubb issued the final ruling stating that the deposition of the confidential informant ("CI") would proceed. In preparation for that eventuality, the parties had previously met-and-conferred and agreed to June 2 as a deposition date (before the June 6 discovery cutoff). Over the course of May 23 and 24, Defendants spoke to the CI and formed the belief the CI would not appear at the deposition absent a privacy screen.[1] On May 24, Defendants filed an ex-parte application for an order shortening time for a protective order seeking such a screen. Alternatively, they requested continuance of certain deadlines to allow the motion to be filed and heard on regular time.

From Plaintiff's perspective, Plaintiff has no other choice but to seek an extension of the discovery cutoff in order to be able to conduct the CI deposition that Plaintiff has already secured the right to conduct, in accordance with the Order issued by Judge Claire (Dkt. 55), which was affirmed by Judge Shubb, on May 23, 2017 (Dkt. 77). At present, there is neither a deposition of the CI on calendar, nor have Defendants produced to Plaintiff the CI's information so that Plaintiff can subpoena the CI (despite Defendants' representation that they are unable to produce the CI voluntarily without the addition of conditions and restrictions not contained in this Court's Order (Dkt. 55)); in view of the uncertain circumstances and pending motion for a protective order, Plaintiff seeks an Order extending the cutoff date in a fashion that recognizes the present circumstances that are out of Plaintiff's control, which will secure and preserve her right to conduct the CI deposition. Accordingly, Plaintiff requests that the cutoff date be extended to June 23, 2017, but that that deadline act not as a final deadline, but as a deadline by which to file a further Notice of Motion and Motion to Compel, should that become necessary.

Since Defendants filed their ex-parte application, the parties have met-and-conferred. In light of Defendants' pending motion, the uncertainty of when the CI deposition will take place,

---

[1] The parties respectfully disagree on this point.

the possibility of litigating a motion to compel the Orders (Dkts. 55 and 77) brought by Plaintiff (*see* Dkt. 81 - Notice of Motion and Motion to Compel), and the possibility of motions to compel the CI's attendance, it appears there simply is insufficient time for these events to resolve and for a deposition of the CI to occur before the current June 6 discovery cutoff.

The parties have met-and-conferred in good faith and essentially seek to fashion a remedy to the dilemma outlined above that will preserve the status quo as far as scheduling is concerned, so that a deposition of the CI can occur before a deadline to conduct fact discovery expires, while also preserving the status quo as far as the dispositive motion filing deadline is concerned.

Based on the foregoing circumstances, by and through their respective counsel of record, the parties hereby stipulate and respectfully request that the Scheduling Order in this action be amended, as follows:

1. That the current discovery cutoff of June 6, 2017 be extended until June 23, 2017. This would act as the deadline to take the CI deposition, unless any of the following conditions occurs: (a) the CI is not produced for a deposition for any reason by Defendants; (b) the CI fails to appear after being properly served with a deposition subpoena by either party; (c) the Defendants fail to provide to Plaintiff the CI's information, so that the Plaintiff can serve a deposition subpoena on the CI; (d) despite having been provided with the CI's information in a timely fashion and despite the exercise of due diligence to serve the CI, Plaintiff is unable to subpoena the CI; or (e), if a further dispute between the parties regarding the CI deposition arises that results in the deposition either not going forward or being stopped before its completion. If any of the foregoing conditions, (a) – (e) occurs, June 23, 2017 would then instead act as the deadline by which to file any Notice of Motion and Motion for Protective Order and/or Notice of Motion and Motion to Compel regarding the CI deposition, but since a hearing on any such Notice(s) would not occur until after June 23, 2017 on normal time, the filing of a Notice of Motion and Motion for Protective Order and/or Notice of Motion and Motion to Compel would act to "stop the clock" on the discovery cutoff for the CI deposition and the deadline to file dispositive motions, thereby tolling the discovery cutoff **solely concerning the deposition of the**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

176364.1

**CI** (and related motions) and the deadline to file dispositive motions until such time as would be prescribed in a final ruling regarding any such Motion for Protective Order and/or Motion to Compel, which would need to include a reasonable period of time following such a ruling in which to conduct the CI deposition and file dispositive motions. This extension is for the sole purpose of completing the deposition of the confidential informant and related motions;; all other discovery shall remain closed.

    2.    That the dispositive motion filing deadline be continued from June 20, 2017 to June 30, 2017;

    3.    The parties' ability to agree upon and reach this stipulation was made contingent upon both the discovery and summary judgment deadlines being extended as specified. If only one is extended and not the other, the parties withdraw this stipulation.

If this stipulation is not granted for any reason, including the fact that it is contingent upon the extension of both deadlines, Plaintiff respectfully must reserve her right to file an ex-parte application for relief from the June 6, 2017 deadline, requesting an extension of the fact discovery deadline only. Defendants have expressed they would oppose such an ex-parte because Defendants seek extension of both discovery and dispositive motion deadlines. Before filing such an ex-parte application, the parties sought to file this stipulation first, in the interest of cooperation and judicial economy.

                      Respectfully submitted,

Dated: May 31, 2017                  LAW OFFICE OF SANJAY S. SCHMIDT

                                  By: */s/ Sanjay S. Schmidt*
                                         SANJAY S. SCHMIDT
                                         Attorneys for Plaintiff
                                         JOANNE BLIGHT

176364.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

Dated: May 31, 2017

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF MANTECA, ARMANDO GARCIA, IAN OSBORN, PAUL CARMONA and CHRIS S. MRAZ

**PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.**

DATED: June 1, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE