UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE BLIGHT, | No. 2:15-cv-2513 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF MANTECA, et al., | |
| Defendants. | |

This matter came on for hearing before the undersigned on plaintiff's Motion to Compel Compliance with This Court's Orders, ECF Nos. 81 & 86. Sanjay S. Schmidt appeared telephonically on behalf of plaintiff, and Kevin P. Allen appeared telephonically on behalf of defendant. With the consent of the parties, the court also heard argument on defendants' pending Motion for Protective Order, ECF No. 84, which involves the same dispute but had been noticed for hearing on a later date. Upon consideration of all arguments and papers, the court GRANTS in PART plaintiff's motion to compel, reserving the issue of sanctions for resolution by separate order following supplemental briefing. Defendants' motion for a protective order is DENIED.

**I.  Relevant Procedural And Factual Background**

This lawsuit was filed on December 2, 2015. ECF No. 1. The case involves the allegedly illegal search of a private residence, pursuant to a search warrant authorizing search of another

1

residence with a different house number on the same property. The search warrant was issued after a state court judge reviewed an affidavit containing information provided by a confidential informant ("CI"). Defendants contend that the affidavit supported probable cause to search both residences. Plaintiff alleges that the judge was misled.

On September 20, 2016, plaintiff moved to compel discovery of the affidavit. ECF No. 13. Defendant argued in opposition that disclosure was precluded by the "informer's privilege." After hearing and upon a balancing of the relevant factors, the undersigned overruled that objection and granted the motion to compel in relevant part, finding that plaintiff's need for the information outweighed the law enforcement and CI's interests in confidentiality. ECF No. 26. The affidavit and related discovery were ordered produced pursuant to an Attorney's Eyes Only Protective Order. Id. That order prohibits plaintiff's counsel from sharing the affidavit, including any information that might identify the CI, with their client or specified other individuals. ECF No. 36 (stipulated "Attorney's Eyes Only Protective Order") at 3, 4; ECF No. 37 (order adopting same).

On January 18, 2017, plaintiff moved to compel discovery necessary for a deposition of the CI. Plaintiffs sought an order requiring defendants to provide the full name, telephone number, and address of the CI or, in the alternative, to produce the CI for a deposition at a mutually agreed upon time and place. Id. Following consideration of the parties' briefing and a full hearing on the motion, the undersigned issued an order granting the motion to compel. ECF No. 55. This order addressed the scope of the informer's privilege at length. Id. at 2-5. The order explained what was required of the defendants in no uncertain terms, stating as follows:

> For the reasons set forth above, IT IS HEREBY ORDERED that:
>
> 1. Plaintiff's Motion To Compel (ECF No. 41), is GRANTED;
>
> 2. Defendants shall either (1) produce the CI for deposition by plaintiff's counsel, or (2) produce to plaintiff's counsel the CI's identifying information sufficient for CI to be subpoenaed to appear for a deposition; and

////

2

> 3. Under either option, all parties shall act under the constraints of the Attorneys' Eyes' Only protective order, and the deposition shall be conducted pursuant to that order. See ECF No. 36.

Id.

Defendants requested reconsideration of the Magistrate Judge's order by the District Judge. ECF No. 71. The District Judge denied defendants' request for reconsideration. ECF No. 77 at 5.

The parties, representing to the court that they had met and conferred in good faith and were seeking to arrange a plan to depose the CI before the expiration of the discovery deadline, sought and the court approved a brief extension of the discovery deadline to June 23, 2017 and the dispositive motion deadline to June 30, 2017. ECF No. 83 at 3-4. This stipulation contained language providing that the discovery deadline and dispositive motion deadline would be tolled, solely concerning the deposition of the CI, if there was a pending discovery motion as of June 23, 2017. Id. The trial date, which was not impacted by the stipulation, is set for October 17, 2017. ECF No. 59.

The deposition of the CI has not yet taken place. On May 25, 2017, plaintiff filed this motion to compel defendants' compliance with the court's orders authorizing the deposition and requiring defendants to either (1) produce the witness for a deposition, or (2) provide the information necessary to issue a subpoena. ECF No. 81; ECF No. 86 at 12. Defendants assert that the CI has agreed to voluntarily appear but only if he/she can appear behind a privacy screen. Id. at 19. Defendants' motion for a protective order seeks a court order for such a screen. ECF No. 84. Plaintiff does not agree to the privacy screen. ECF No. 86 at 17. Further, plaintiff argues that the CI's privacy concerns have been resolved by this court's prior order by subjecting any deposition of the CI to the Attorneys Eyes Only protective order. Id. at 18.

## II. Analysis

A. Plaintiff's Motion To Compel Is Granted

Defendants' conduct in is in flagrant violation of this court's prior orders. The court was very clear: defendants were to either produce the CI for a deposition voluntarily, or provide

plaintiff with the necessary information so that the CI could be subpoenaed. ECF No. 55 at 6. This order fully accounted for the privacy concerns of the CI by subjecting any deposition to the terms of the Attorneys Eyes Only protective order. Id. Indeed, the undersigned has twice previously weighed the CI's privacy and security needs against the plaintiff's needs for discovery, and concluded that limiting information about the CI to plaintiff's counsel appropriately balances the competing interests and protects the CI. That issue is not open for relitigation.[1]

Defendants' unwarranted insistence on a privacy screen has unnecessarily delayed the taking of the deposition, and now casts the entire litigation schedule in doubt. At oral argument, defendants contended that they do not have control over the CI, who is a third party deponent and is placing his/her own restrictions on his/her appearance at deposition. This argument is disingenuous; defendants had, at all times, the option to provide plaintiff with the information necessary to subpoena the CI. ECF No. 55 at 6. Indeed, if it was apparent that the CI would not appear voluntarily under the terms of the orders already in effect, defendants were obligated to do so. Id. To the extent defendants assert that this was not an option because of safety concerns for the CI, their argument is baseless. This issue was explicitly litigated, and the court ruled that the protections embedded in the Attorney's Eyes Only protective order address the safety concerns. Id. No further protections are necessary, and no further delay will be tolerated.

B. Plaintiff's Request For Sanctions Requires Supplemental Briefing

Plaintiff requests sanctions for defendants' misconduct but does not submit evidence to establish the reasonable attorney's fees associated with bringing the motion to compel. ECF No. 88 at 17. Accordingly, the matter of sanctions will be decided after supplemental briefing. Plaintiff shall, within 21 days from entry of this order, submit supporting documentation for reasonable attorney's fees, and raise any issues related to sanctions. Defendants shall have 7 days thereafter to respond.

////

---

[1] As plaintiff points out, any challenge to the adequacy of the Attorney's Eyes Only provisions should have been raised on defendants' motion for reconsiderations of the order regarding deposition of the CI.

4

C. Defendants' Motion For A Protective Order Is Denied

Defendants' motion for a protective order, which seeks a court order for a privacy screen at the CI's deposition, is improperly brought for the reasons already explained. To the extent defense counsel claims to be acting pursuant to the CI's wishes, he is reminded that the CI is not his client. Rather than brining a motion on behalf of a third party witness, defendants should have complied with the court's previous order to provide plaintiff's counsel with the information needed for to subpoena the witness.

Moreover, the court notes that this motion was filed approximately two weeks *after* plaintiff's motion to compel, although it addresses the same issue of the CI's deposition and could have been addressed in the joint statement related to plaintiff's motion, and/or separately filed in time to be noticed for the same date as plaintiff's motion. Further, defendants' motion was noticed for hearing on a date *after* the discovery deadline of June 23, 2017. When questioned at oral argument, counsel for defendants relied on language in the most recent stipulation and order extending discovery deadlines, which purports to toll or automatically extend both discovery and dispositive motion deadlines upon the filing of any discovery motion prior to the June 23 deadline. This history suggests that defendants deliberately filed a motion that could not be heard prior to June 23, in order to further their delay compliance with previous orders and require re-setting of other dates.

For these reasons, and because a privacy screen is not needed to protect the CI's safety and privacy in light of the protective order that is already in place, defendants' motion is denied.

D. Tolling Language Is Vacated

As discussed at oral argument, any further extensions of time which may be necessary to comply with existing discovery orders will necessarily impact the trial date in this matter. This is a problem largely, though not entirely, of the parties' own making.[2] Accordingly, any further requests to alter the schedule must be directed to U.S. District Judge Shubb.

---

[2] The motion for reconsideration of the order authorizing the CI deposition was not resolved until three and a half months after issuance of the disputed order. That delay was unavoidable, and cannot be attributed to the parties.

5

As previously noted, the parties' most recent stipulation extending the discovery deadline provided that any motion regarding the CI deposition, filed on or before the new deadline of June 23, would have the effect of "stopping the clock" on the cutoff for the deposition and dispositive motions deadlines pending resolution of the disputes. ECF No. 83 at 3:12-4:6. That provision was improvidently approved and will be vacated. The court's resolution of the currently pending matters means that there are no outstanding discovery disputes which could be asserted to have any "tolling" effect. Should the parties require additional time to complete the CI deposition, which appears likely, they must seek an amended scheduling order from Judge Shubb that addresses dispositive motions deadlines as well as pretrial and trial dates.

### III. Conclusion

For the reasons explained above, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion to Compel, ECF Nos. 81 & 86, is GRANTED insofar as defendants are ordered to arrange for the voluntary appearance of the CI at a deposition, or provide plaintiff with the information necessary to issue a subpoena, no later than June 23, 2017;

(2) The matter of sanctions remains under submission. Plaintiff shall submit a supplemental declaration regarding sanctions, no later than 21 days from entry of this order; defendants may reply no later than 7 days thereafter;

(3) Defendants' Motion for a Protective Order, ECF No. 84, is DENIED; and

(4) The scheduling order at ECF No. 83 is AMENDED as follows:

    a. Paragraph 1 (ECF No. 83 at 3:12-4:6) is VACATED with the exception of the first sentence, which provides "That the current discovery cutoff of June 6, 2017 be extended until June 23, 2017.";

    b. In light of the June 30, 2017, dispositive motions deadline, all further requests for modification of the scheduling order are to be brought directly before the District Judge.

DATED: June 21, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE