UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNE BLIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MANTECA, a municipal corporation; Manteca Police Department Detectives ARMANDO GARCIA and IAN OSBORN; and Manteca Police Department Sergeants PAUL CARMONA and CHRIS MRAZ;<br><br>    Defendants. | CIV. NO. 2:15-2513 WBS AC<br><br><u>ORDER RE: REQUEST TO SEAL</u> |

----oo0oo----

Plaintiff Joanne Blight brought this action against defendants the City of Manteca, Manteca Police Department Detectives Armando Garcia and Ian Osborn, and Manteca Police Department Sergeants Paul Carmona and Chris Mraz, alleging that defendants violated her Fourth Amendment rights when they engaged in a "SWAT style raid" and "search" of her home." (Compl. ¶¶ 19, 32 (Docket No. 1.)  Defendants claim that the search was

authorized by a state court warrant issued pursuant to a sworn affidavit they had submitted to the state court containing information provided by a confidential informant ("CI").  (See Answer at 12 (Docket No. 5).)  Plaintiff claims that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court.  (Feb. 10, 2017 Order at 2 (Docket No. 55).)

The court previously denied defendants' request to seal several documents involving the CI because the defendants did not "sufficiently articulate[] why disclosure of the documents and information at issue will jeopardize the CI's safety."  (March 22 Order 4:27-5:1 (Docket No. 68).)  Presently before the court is defendants' request to seal certain information in connection with defendants' Motion for summary adjudication.  (Docket No. 91.)

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (citation omitted).  In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep records secret.  Id. at 1179.

Defendants seek to seal five discrete pieces of information: (1) the name of the incident-related CI; (2) the

phone number and address of the CI; (3) any prior interaction between the CI and law enforcement; (4) and prior criminal history of the CI and any sentencing; and (5) the CI's visits to the incident-related property. (Notice 1:27-2:3.) According to defendants, public disclosure of such information is necessary because the safety of the CI and the CI's family is in jeopardy if identifying information or related information is release and disclosure would reduce the ability to use the active CI in future matters.

The court agrees that there is a safety concern with disclosing the personal information of a confidential informant. See, e.g., Mitchell v. Cate, Civ. No. 2:11-1240 JAM AC P, 2014 WL 1671589, at *3 (E.D. Cal. Apr. 28, 2014) (granting request to seal "information [that] cannot be revealed without endangering informants"); United States v. Conner, No. 15-CR-00296 HSG 1, 2015 WL 8482205, at *4 (N.D. Cal. Dec. 10, 2015) (granting request to seal information "contain[ing] the possible identity of a confidential informant"); cf. United States v. Business of Custer Battlefield Museum, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011) ("With respect to warrant materials, courts have recognized several concerns that may call for redaction of materials or withholding of disclosure outright. These concerns include . . . the need to protect the identities and safety of confidential informants."). Unlike defendants' previous request to seal, defendants' current request is narrowly focused on specific information with an explanation for why such information should be sealed.

Defendants limit the sealed information to two

categories: (1) the CI's personally identifying information (name, address, and phone number); and (2) information that could lead to the CI's identity by working backwards (prior interactions with law enforcement, prior criminal history, and date CI last visited the incident-related property). The court is satisfied that the personally identifying information implicates the safety of the CI and thus satisfies the "compelling reasons" standard. The second category of information also implicates the CI's safety because an individual could take this information, work backwards, and potentially make a reasonable guess of the CI's identification if the individual had the CI's prior criminal history and sentencing, the CI's prior interactions with law enforcement, and the date the CI last visited the incident-related property. For example, knowing the last date the CI visited the incident-related property may allow individuals with knowledge of the incident, including plaintiff, to determine the identity of the CI.

Having reviewed defendants' request to seal, the court finds that compelling reasons exist to seal the requested information. While the public has an interest in disclosure and access, the court finds that the public policies favoring disclosure do not outweigh the interests in ensuring the safety of a CI by sealing information that does not appear to be dispositive to the case. Accordingly, the court will grant defendants' request to seal.

IT IS THEREFORE ORDERED that defendants' request to seal certain information for their summary adjudication motion (Docket No. 91) be, and the same hereby is, GRANTED.

Defendants are permitted to submit the requested information under seal. The information may be accessed only by the court, defendants, defense counsel, and plaintiff's counsel.

Dated: June 28, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE