UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNE BLIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MANTECA, a municipal corporation; Manteca Police Department Detectives ARMANDO GARCIA and IAN OSBORN; and Manteca Police Department Sergeants PAUL CARMONA and CHRIS MRAZ;<br><br>　　　　Defendants. | CIV. NO. 2:15-2513 WBS AC<br><br>ORDER RE: PLAINTIFF'S REQUEST TO SEAL |

----oo0oo----

　　　　Plaintiff Joanne Blight brought this action against defendants the City of Manteca, Manteca Police Department Detectives Armando Garcia and Ian Osborn, and Manteca Police Department Sergeants Paul Carmona and Chris Mraz, alleging that defendants violated her Fourth Amendment rights when they engaged in a "SWAT style raid" and "search" of her home."  (Compl. ¶¶ 19, 32 (Docket No. 1.)  Defendants claim that the search was authorized by a state court warrant issued pursuant to a sworn

affidavit they had submitted to the state court containing information provided by a confidential informant ("CI"). (See Answer at 12 (Docket No. 5).) Plaintiff claims that defendants misrepresented or omitted material aspects of what the CI told them in their affidavit to the state court. (Feb. 10, 2017 Order at 2 (Docket No. 55).)

The court previously granted defendants leave to seal (1) the CI's personally identifying information (name, address, and phone number); and (2) information that could lead to the CI's identity by working backwards (prior interactions with law enforcement, prior criminal history, and date CI last visited the incident-related property). (Docket No. 92.) Plaintiff now requests to seal the same information in connection with plaintiff's response to defendants' Motion for Summary Judgment. (Docket No. 114.)

The court's prior findings with respect to defendants' request to seal apply equally to plaintiff's request. The court previously explained:

> The court is satisfied that the personally identifying information implicates the safety of the CI and thus satisfies the "compelling reasons" standard. The second category of information also implicates the CI's safety because an individual could take this information, work backwards, and potentially make a reasonable guess of the CI's identification if the individual had the CI's prior criminal history and sentencing, the CI's prior interactions with law enforcement, and the date the CI last visited the incident-related property. For example, knowing the last date the CI visited the incident-related property may allow individuals with knowledge of the incident, including plaintiff, to determine the identity of the CI.

1        In other words, compelling reasons exist to seal this
2   information, and the public policies favoring disclosure do not
3   outweigh the interests in ensuring the safety of a CI by sealing
4   information that does not appear to be dispositive to the case.
5   See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79
6   (9th Cir. 2006); Mitchell v. Cate, Civ. No. 2:11-1240 JAM AC P,
7   2014 WL 1671589, at *3 (E.D. Cal. Apr. 28, 2014) (granting
8   request to seal "information [that] cannot be revealed without
9   endangering informants"); United States v. Conner, No. 15-CR-
10  00296 HSG 1, 2015 WL 8482205, at *4 (N.D. Cal. Dec. 10, 2015)
11  (granting request to seal information "contain[ing] the possible
12  identity of a confidential informant"); cf. United States v. Bus.
13  of Custer Battlefield Museum, 658 F.3d 1188, 1195 n.5 (9th Cir.
14  2011) ("With respect to warrant materials, courts have recognized
15  several concerns that may call for redaction of materials or
16  withholding of disclosure outright.  These concerns include . . .
17  the need to protect the identities and safety of confidential
18  informants.") (citations omitted).  Thus, the court will grant
19  plaintiff's motion.
20       IT IS THEREFORE ORDERED that plaintiff's request to
21  seal certain information in her response to defendants' Motion
22  for Summary Judgment (Docket No. 114) be, and the same hereby is,
23  GRANTED.  Plaintiff is permitted to submit the requested
24  information under seal.  The court will address the sealing of
25  this information in connection with future motions at the time
26  those motions are made.
27  Dated: August 18, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE