UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOANNE BLIGHT, | CIV NO. 15-02513 |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: <u>MOTION FOR SUMMARY JUDGMENT</u> |
| CITY OF MANTECA, a Municipal Corporation, Manteca Police Department Detectives ARMANDO GARCIA, Individually, RANCH JOHNSON, Individually, KIRK DOTY, Individually, MIKE KEENER, Individually, IAN OSBORN, Individually, and ARMEN AVAKIAN, Individually, Manteca Police Department Sergeants PAUL CARMONA and CHRIS S. MRAZ, in their Individual and Supervisory capacities, and DOES 1 THROUGH 60, Jointly and Severally, | |
| Defendants. | |

Plaintiff Joanne Blight brought this action under 42 U.S.C. § 1983 against defendants the City of Manteca and Manteca Police Department Detectives Armando Garcia ("Garcia"), Ranch Johnson, Kirk Doty, Mike Keener, Ian Osborn, and Arman Avakian, and Manteca Police Department Sergeants Paul Carmona and Chris S. Mraz alleging defendants unreasonably searched her home and

1

seized her person in violation of her Fourth and Fourteenth Amendment rights. (Compl. (Docket No. 1).) Before the court is defendants' motion for summary judgment. (Defs.' Mem. (Docket No. 93).)

I. Probable Cause

The statement of probable cause submitted to the issuing judge in support of the search warrant at issue is set forth in Exhibits D and G to the Declaration of Armando Garcia (Docket No. 97). The court finds this information sufficient to constitute probable cause for issuance of the warrant. Exhibit G establishes the reliability of the informant and sets forth the information the informant related to Garcia about his personal knowledge of Marlin Lee Ford's ("Lee") involvement in cultivating and distributing marijuana. It also describes Lee's address as "5858 E Carpenter Rd. Stockton CA" and explains why he believes evidence may be found at that address. It states that the informant told Garcia there were two modular homes on the property, that Lee and his family lived in one, and that "Nick", who assisted Lee in growing and processing the marijuana, lived in the other one.

II. Particularity

The description of the property to be searched and things to be seized is set forth in Exhibits E and F to the Garcia Declaration. It includes the premises at "5858 E Carpenter Rd. Stockton, CA 95215", described as "farm property containing two modular homes, chicken coops and a small barn and various outbuildings" and also includes "all rooms, attics basements, and other parts therein, the surrounding grounds and

any garages, storage rooms, trash containers, and outbuildings of any kind located thereon." The description also attached an aerial photo of the property.

The court finds this description to be sufficiently particular. See United States v. Turner, 770 F.2d 1508, 1510 (9th Cir. 1985) (stating the "test for determining the sufficiency of the warrant description is 'whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched.'") (citations omitted).

As it turns out, the modular home on the property where the informant said Nick lived was occupied by plaintiff Joanne Blight and her husband. The Blights' property is considered separate from the property at 5858 E. Carpenter Rd. by the County's Assessor's office (Decl. of Sanjay Schmidt at 2 (Docket No. 120)), and there are two separate mailboxes for both properties on the roadside. (Decl. of Joanne Blight at 8 (Docket No. 125).) However, Garcia was unaware of these facts at the time of applying for the search warrant, and the court finds that his failure to learn of these facts was not unreasonable under the circumstances.

III. Judicial Deception

The Fourth Amendment is violated where the "affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." Liston v. County of Riverside, 120 F.3d 965, 973

1  (9th Cir. 1997), as amended (Oct. 9, 1997). To prove a judicial
2  deception claim, a plaintiff must "1) make a substantial showing
3  of deliberate falsehood or reckless disregard for the truth and
4  2) establish that, but for the dishonesty, the challenged action
5  would not have occurred." Id. (internal citations and quotations
6  omitted).

7       Here, plaintiff argues that Garcia omitted various
8  facts which plaintiff contends the informant told Garcia before
9  Garcia prepared his affidavit. The court has read the deposition
10 of the informant in this case. On the subject of what he told
11 Garcia, there is hardly anything he says in that deposition which
12 he does not contradict elsewhere in the deposition. For just
13 about everything one side points to that the informant said in
14 his deposition, the other side can point to another place in the
15 deposition where he qualified it or said the opposite. In short,
16 the court concludes that because of the self-contradictions, no
17 trier of fact can rely on anything in the informant's deposition
18 as evidence of any relevant fact.

19      Considering the evidence in the light most favorable to
20 the plaintiff, the most that can be said of what the informant
21 told Garcia is that the Blights also lived on the property, and
22 perhaps that they lived in the same modular home that he told
23 Garcia was occupied by Nick. However, it is undisputed that from
24 the information provided by the informant Garcia understood Nick
25 also lived in that home and that Nick was a participant in the
26 crime. The parties dispute whether the informant himself drew
27 the diagram of the properties relied on by Garcia. Nevertheless,
28 the informant testified that it was his handwriting labeling the

diagram which placed Nick in that home.

        The court cannot reasonably conclude that Garcia's failure to include whatever the informant might have told him about the Blights in his affidavit was intentional or reckless. More importantly, even if that information had been included in the affidavit, it could not have affected the issuing judge's finding of probable cause. See Chism v. Washington, 661 F.3d 380, 388 (9th Cir. 2011) (to determine if the omission in the affidavit was material, the court asks if the material in the affidavit, "once corrected and supplemented would not have provided a magistrate judge with a substantial basis for finding probable cause.").

IV. Knock and Announce

        It is well established that police officers may not break into a home to execute a search warrant without first knocking and announcing their identity and purpose. Wilson v. Arkansas, 514 U.S. 927 (1995). Here, the officers knocked and announced, and did not breach the door until after they tried to call plaintiff out with a loudspeaker and she failed to respond for six minutes. They then waited for another three minutes before commencing the search. The court does not find this constituted a violation of the knock and announce requirement of Wilson. See United States v. Bynum, 362 F.3d 574, 579 (9th Cir. 2004) (citation omitted) ("police officers entering a dwelling pursuant to a search warrant [must] announce their purpose and authority and either wait a reasonable amount of time or be

refused admittance before forcibly entering the residence.").[1]

V. <u>Reasonableness of Detention</u>

"[A] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." <u>Michigan v. Summers</u>, 452 U.S. 692, 705 (1981). Here, the evidence shows that plaintiff was removed from the premises taken to the end of the driveway, not handcuffed during the search. (Dep. of Garcia Vol. I at 118:12-119:7(Docket No. 105-7).) Garcia testifies that plaintiff was told she was being detained for the purposes of the search and was detained for a relatively short amount of time, between 20-30 minutes. (Dep. of Mraz at 70:12-13, 71:22-25 (Docket No. 106).) Plaintiff disputes the length of time and testifies that the detention was closer to an hour. Plaintiff also offers evidence that she entered the car after an officer threatened to handcuff her.

Assuming the facts in the light most favorable to plaintiff, the court does not find the detention unreasonable. An hour would not be an unreasonable time to complete the search, the officers were authorized to remove plaintiff from the residence while executing the warrant, and there would be nothing wrong with threatening to handcuff plaintiff if she did not get into the vehicle. In fact, it would not have been an unreasonable detention even if plaintiff had been handcuffed.

---

[1] Plaintiff also argues defendants failed to provide her with a copy of the search warrant, but provides no authority, and the court is unaware of any, establishing that such failure violates the Fourth Amendment. Nor does plaintiff point to any evidence showing she did not receive a copy.

VI. Monell liability

First, because the court finds no underlying liability, there can be no liability of the City of the Police Department under Monell v. Department of Social Services, 436 U.S. 658 (1978). Second, plaintiff has not demonstrated "a conscious or deliberate choice" on the part of the city to decline to train its police despite a need to do so, or that "the lack of training actually caused the constitutional harm or deprivation of rights." See Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014).

Plaintiff argues there was a plain need to train officers on the requirements of particularity for searches of rural properties, regarding warrants on "flag lots" which contain multiple residences, or circumstances in which a mobile home has been established as a legally separate residence. (Pl.'s Mem. at 82). Plaintiff offers as evidence Officer Garcia's declaration that no training was provided on warrants on flag lots and no training was provided regarding the limits of online resources such as google. (Dep. of Garcia Vol. I at 26:2-18; Dep. of Osborn Vol. I at 46:5-10 (Docket No. 105-10).) However, plaintiff offers no evidence that the city made a deliberate choice not to train its officers knowing that failure to train officers about flag lots would result in constitutional violations. Plaintiff also offers no evidence to support her claim that the city failed to have a policy that better vetted and ensured the accuracy of information from confidential informants.

7

VII. <u>State Law Claims</u>

In addition to her federal claim under 42 U.S.C. § 1983, plaintiff asserts supplemental state law claims for violation of California Civil Code § 52.1, false arrest and false imprisonment, negligence, and intentional infliction of emotional distress. "[A court] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the court grants defendants' motion for summary judgment on plaintiff's federal claim, the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims. See <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citation omitted)).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment on plaintiff's claim under 42 U.S.C. § 1983 be, and the same hereby is, GRANTED;

AND IT IS FURTHER ORDERED that plaintiff's supplemental state law claims be, and the same hereby are, DISMISSED pursuant to the provisions of 28 U.S.C. § 1367(c)(3).

Dated: October 18, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE