UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNE BLIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MANTECA, et al.,<br><br>        Defendants. | CIV. NO. 2:15-02513 WBS AC<br><br>MEMORANDUM AND ORDER RE: BILL OF COSTS |

----oo0oo----

Plaintiff alleged defendants unreasonably searched her home and seized her in violation of her Fourth and Fourteenth Amendment rights. (Compl. (Docket No. 1).)[1] On October 19, 2017,

---

[1] In the initial Complaint, plaintiff alleged the following causes of action against all individually named defendants: (1) violation of civil rights under 42 U.S.C. § 1983; (2) violation of federal and state constitutional and statutory rights under California Civil Code § 52.1; (3) false arrest; (4) false imprisonment; (5) intentional infliction of emotional distress; (6) negligence; and (7) invasion of privacy. (Compl. at 1.) Against the City of Manteca, plaintiff alleged a failure to supervise and adequately train officers and detectives under 42

1

1 | the court granted defendants' City of Manteca, Armando Garcia,
2 | Ian Osborn, Paul Carmona, and Chris S. Mraz (collectively
3 | "defendants") Motion for summary judgment on plaintiff's federal
4 | claims under 42 U.S.C. § 1983, and declined to exercise
5 | jurisdiction over plaintiff's state law claims. (Mem. and Order
6 | Re: M. for Summ. J. (Docket No. 144).) After summary judgment
7 | was entered, defendants submitted a Bill of Costs totaling
8 | $6,800.05 for the costs of 14 deposition transcripts. (Docket
9 | No. 146). After defendants submitted a Bill of Costs, defendants
10 | filed a Notice of Appeal.[2] (Docket No. 149.) Plaintiff objects
11 | to awarding any costs for the depositions arguing that defendants
12 | have not yet been conferred "prevailing party status", and even
13 | if they have, the court should exercise its discretion to
14 | disallow costs. (Pl.'s Opp'n at 2 (Docket No. 147).)

Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court

---

U.S.C. § 1983. (Id.)

[2] Even though a Notice of Appeal was filed, this court may still decide whether or not defendants are entitled to their costs under Rule 54(d)(1) See U.S. ex rel. McLean v. County of Santa Clara, Civ. No. 05-01962 HRL, 2012 WL 4717793, at *1 (N.D. Cal. Sept. 28, 2012) ("[A]wards of fees and costs are considered collateral issues over which the district court normally retains jurisdiction even after an appeal divests the court of jurisdiction over the merits." ) (citing Leslie v. Group ICA, 198 F.3d 1153, 1160 (9th Cir. 1999)); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.").

2

order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

I. Prevailing Party

To be a prevailing party, a party must "receive[] a judgment on the merits, or obtain[] a court-ordered consent decree." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 606 (2001) (internal citations omitted). "[T]here is a prevailing party where there has been a material alteration of the legal relationship of the parties." Miles v. State of California, 320 F.3d 986, 989 (9th Cir. 2003) (citing Buckhannon, 532 U.S. at 603)(internal quotations omitted). To be considered the prevailing party, "a litigant need not prevail on every issue" in the case. Hashimoto v. Dalton, 118 F.3d 671, 677 (9th Cir. 1997) (interpreting discretion of court to award attorney's fees)(citation omitted).

Defendants prevailed on the federal law claims, because the court granted summary judgment to defendants on the merits of those claims. See Head v. Medford, 62 F.3d 351, 356 (11th Cir. 1995) (stating defendants success defeating plaintiff's federal constitutional claims on summary judgment was a judgment on the merits under Rule 54(d)).[3] The court notes that the defendants were not a prevailing party on the state law claims, because the court declined to exercise supplemental jurisdiction pursuant to

---
[3] Plaintiff does not dispute the defendants are prevailing parties as to the federal claims.

28 U.S.C. 1367(c)(3). See Oscar v. Alaska Dep't of Educ. and Early Develop., 541 F.3d 978 (9th Cir. 2008) (stating "a defendant is not a prevailing party with regard to claims dismissed without prejudice"). However, this fact does not change the court's analysis.

While the federal and state law claims rely on the same set of facts, the court's decision to decline to exercise supplemental jurisdiction over the state law claims does not change the fact that defendants are the prevailing party in this action and are therefore entitled to their costs. See Stevens v. Trona Ry. Co., Civ. No. 08-01766 VAPOPX, 2009 WL 10673182, at *2 (C.D. Cal. Nov. 20, 2009) (stating "Court's use of its discretion not to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim does not affect Defendant's status as the prevailing party.")(citation omitted); Corridean v. Restore Fin. Servs. Network, LLC, Civ. No. 06-524-HU, 2007 WL 1989622, at *3 (D. Or. July 6, 2007) ("[A]lthough defendants are not prevailing parties on the [state] claims, and although the state and federal claims rest on identical facts . . . the dismissal of the state claims based on this Court's declining to exercise supplemental jurisdiction . . . does not change the fact that defendants are the prevailing party in this federal claim and thus, are entitled to an award of costs . . . .") (citations omitted).

II. Discretion to Award Costs

While Rule 54(d) creates "a presumption for awarding costs to prevailing parties," Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003) (citations omitted), Rule

4

54(d)(1) "vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (citing National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995)). In exercising that discretion, the Ninth Circuit has instructed that:

> Appropriate reasons for denying costs include (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis.

Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (internal citations and quotations omitted). In exercising its discretion, a district court must state the reasons for denying costs to the prevailing party. See Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978).

The Ninth Circuit has instructed that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). While the plaintiffs do not have to be currently indigent, "the proper inquiry is whether an award of costs might make them so." Rivera v. NIBCO, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010) (Wanger, J.) (citing Stanley, 178 F.3d at 1079-80). The Ninth Circuit has approved denying costs for the reason that the losing party has limited financial resources. Ass'n of Mexican-Am. Educators, 231

F.3d at 592. See <u>Mansourian v. Bd. of Regents of Univ. of Cal. at Davis</u>, Civ. No. 03-2591 FCD EFB, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. July 15, 2008) (Damrell, J.) (denying costs to University where student plaintiffs demonstrated they had limited financial resources and could barely cover their monthly expenses); <u>Nat'l Org. for Women v. Bank of Cal., Nat'l Ass'n</u>, 680 F.2d 1291, 1294 (9th Cir. 1982) (stating district court did not abuse its discretion by denying the bank costs by considering the plaintiff's limited budget); <u>Knox v. City of Fresno</u>, 208 F. Supp. 3d 1114, 1117 (E.D. Cal. Sept. 22, 2016) (Grosjean, J.) (denying costs and noting that while plaintiffs "did not proceed in forma pauperis and are not completely indigent, Plaintiffs have submitted declarations attesting to their limited financial resources.").

Here, plaintiff's argument that she has limited financial means is both compelling and supported by evidence. See <u>Tubbs v. Sacramento County Jail</u>, 258 F.R.D. 657, 661 (E.D. Cal. Aug. 21, 2009) (Karlton, J.) (denying costs where plaintiff's argument that he is indigent was compelling and supported by evidence.) Plaintiff is a seventy-seven year old woman who lives with her husband in a mobile home, and is unable to work due to a tumor behind her eye. (Decl. at 13) Her husband supports the family with his retirement pension and his full-time driving job. (Pl.'s Opp'n at 8.) Plaintiff represents in her declaration that it is difficult to stretch their finances on a monthly basis and itemizes her estimated monthly expenses.

(Decl. of Joanne Blight 7-11).[4] Given plaintiff's representation about her finances, the court agrees that plaintiff's limited financial resources weigh against awarded costs in this action.

Additionally, the Ninth Circuit has expressed concern that the "imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." Stanley, 178 F.3d at 1080. Courts have hesitated to award costs against low-wage workers, finding that awarding costs would be a significant disincentive to bring meritful suits. See Rivera, 701 F. Supp. 2d at 1145 (finding that for a low wage-worker the threat of a $3,600 cost bill was a significant disincentive to bring suit and risked a chilling effect); Escriba v. Foster Poultry Farms, No. 1:09-CV-1878, 2012 WL 174847, at *6 (E.D. Cal. Jan. 20, 2012) (O'Neill, J.), aff'd sub nom. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236 (9th Cir. 2014) (finding the threat of a $13,958.16 cost bill, to a low-wage worker, was a strong disincentive to bring a meritful suit). Here, the court believes the imposition of costs against the plaintiff may have a chilling effect on others with limited financial means alleging unreasonable searches and seizures. Therefore, the court finds this factor weighs against awarding costs to defendants.

The court may also consider the economic disparity between the parties. See Escriba, 743 F.3d at 1248. The court

---

[4] Plaintiff further represents that she cannot afford to replace her front door that was damaged by the police or the roof on her mobile home, which needs to be replaced. (Decl. of Joanne Blight ¶¶ 11, 12.)

agrees that there is a stark economic disparity between the parties that weighs in favor of denying costs. See Draper v. Rosario, 836 F.3d 1072, 1089 (9th Cir. 2016) (noting the comparison between plaintiff's limited resources--having no money in his prison account, no income, no assets, and owing restitution--with the resources of the State of California.); Mansourian, 566 F. Supp. 2d at 1171 (noting a significant economic disparity between student plaintiffs with limited resources to a University with a substantial budget); Knox, 208 F. Supp. 3d at 1117 (noting economic disparity between plaintiffs who submitted declarations attesting to their limited financial resources and the City of Fresno).

IT IS THEREFORE ORDERED that defendants' Bill of Costs (Docket No. 146) be, and the same hereby is, DENIED.[5]

Dated: November 27, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[5] Because the court denies costs based on equity considerations, the court does not discuss whether the depositions taken were reasonably necessary.

8